**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CAPITAL ONE AUTO FINANCE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **09-cv-4731** |
| **v.** | ) | |
| | ) | **JUDGE RUBEN CASTILLO** |
| **ORLAND MOTORS, INC., et al.** | ) | |
| | ) | **MAGISTRATE JUDGE NOLAN** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR PUNITIVE DAMAGES, ATTORNEYS' FEES, AND ENTRY OF FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to this Court's August 11, 2011 Docket Entry (Doc. 173) and Local Rule 54.3, Plaintiff Capital One Auto Finance, a Division of Capital One, N.A. ("COAF")[1] moves the Court to enter: (1) an award of punitive damages in the amount of four times compensatory damages (or $2,456,716.32), (2) an award of attorneys' fees in the amount of $9,840.00, and (3) a final judgment reflecting these amounts, plus the previously-determined amount of $614,179.08 in compensatory damages and pre-judgment interest of $98,605.19, for a total final judgment in the amount of $3,179,340.59.

In support thereof, COAF shows as follows:

---

[1] Effective April 1, 2011, the Plaintiff in this action, Capital One Auto Finance, Inc., formerly a Texas corporation, was merged into another entity, Capital One, N.A., a national banking association, and is now known as Capital One Auto Finance, a Division of Capital One, N.A.

# I.
## BACKGROUND

Defendants Orland Motors, Inc., f/k/a Luxury Motors of Orland Park, Inc., d/b/a Orland Park Mitsubishi ("Orland Motors") and Downers Motors, Inc., f/k/a Luxury Motors, Inc., d/b/a Bentley Downers Grove ("Downers Motors") are both car dealers who sold automobile loans to COAF. As this worked in practice, when a customer purchased a car from Orland Motors/Downers Motors, COAF would pay to Orland Motors/Downers Motors the purchase price of the car, and Orland Motors/Downers Motors would then assign to COAF the "Retail Installment Sales Contract" signed by the customer, under which the customer agreed to make car payments (usually over the course of the next six years). The present action involves 23 of these loans originated by Orland Motors/Downers Motors, loans which COAF, upon investigation, determined to be fraudulent. (*See* Doc. 77, Second Amended Complaint, ¶¶ 12-13). In the paperwork that Orland Motors/Downers Motors provided to COAF with these 23 Receivables, the customer was either misidentified (often as a result of apparent identity theft), false information was provided in order to qualify the customer for a loan (e.g., misidentifying the customer's employment so as to misrepresent the customer's income to be used in repaying the loan), or both. (*See* Doc. 77, Second Amended Complaint, ¶ 52).

When Defendants Orland Motors and Downers Motors refused COAF's August 25, 2008 demand that they repurchase the 23 loans and indemnify COAF for its losses on these loans, COAF initiated the present action on August 4, 2009. At first, Defendants Orland Motors and Downers Motors denied COAF's allegations, answered the original Complaint, and provided some superficial discovery responses. However, Orland Motors and Downers Motors stopped participating in the discovery process as of April 15, 2010. On July 1, 2010, COAF amended its Complaint to allege a new Count VI for "Fraud, Suppression, and Misrepresentation." (Doc. 77).

Orland Motors and Downers Motors never answered the Amended Complaint, and on July 29, 2010, the Court -- following a status conference that same day at which counsel for Orland Motors and Downers Motors failed to appear -- entered a default against Orland Motors and Downers Motors. (Doc. 86). The Court's Minute Entry indicated that the Court would consider vacating the default *if* Orland Motors and Downers Motors answered the Second Amended Complaint *and* complied with all outstanding discovery by August 13, 2010. Orland Motors and Downers Motors did neither by August 13 and, to this day, have not provided COAF with the outstanding discovery.

Following resolution of COAF's claims against Defendant Great Western Motors, Inc. (a third Defendant who was not in default), COAF moved for default judgment against Orland Motors and Downers Motors on July 11, 2011. (Doc. 168). On August 11, 2011, the Court granted COAF's Motion for Default Judgment, finding Defendants Orland Motors and Downers Motors to be liable for compensatory damages in the amount of $614,179.08 and granting COAF leave to move for punitive damages and attorneys' fees. (Doc. 173).

Following the Court's August 11, 2011 Docket Entry (Doc. 173), COAF sought, pursuant to Local Rule 54.3, to confer with counsel for Orland Motors and Downers Motors regarding the amount of attorneys' fees. As part of these consultations, COAF told Orland Motors and Downers Motors that COAF had calculated its fees at $27,593.85 and its non-taxable expenses at $2,547.16. However, Orland Motors and Downers Motors refused to confer with COAF regarding these amounts. Their counsel did, at one point, suggest that, instead of conferring specifically regarding the fees, the parties might instead be able to reach agreement on an overall judgment amount. Notwithstanding this proposal, which COAF attempted unsuccessfully to explore, Orland Motors and Downers Motors failed to propose any overall judgment amount and

3

have ignored and/or rejected all of COAF's proposals. Accordingly, COAF now moves for entry of a final judgment, including punitive damages and attorneys' fees.

## II.

## ARGUMENT

### A.    Punitive Damages

The allegations of Count VI of the Complaint, "Fraud, Suppression, and Misrepresentation" -- the same allegations that Defendants Orland Motors and Downers Motors failed to answer -- entitle COAF to an award of punitive damages. *See Carter v. Mueller*, 120 Ill. 3d 314, 323, 457 N.E.2d 1335, 1342 (1st Dist. App. 1983) (finding that the tort of "fraudulent misrepresentation" can support an award of exemplary or punitive damages).

Illinois law, following the United States Supreme Court decision in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), looks at three factors in evaluating a punitive damages award: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Int'l Union of Operating Engineers, Local 150 v. Lowe Excavating Co.*, 225 Ill. 456, 470, 870 N.E.2d 303, 313 (2006).[2]

Applying these factors in *Lowe*, the Illinois Supreme Court found that the trial court's assessment of punitive damages on a defamation claim in a ratio of 75 to 1 to the compensatory damages awarded was excessive and instead determined that punitive damages should be assessed in that case at a ratio of 11 to 1 over compensatory damages. *Id.* at 490, 870 N.E.2d at

---

[2] The Illinois Supreme Court in *Lowe* noted that it is ***not*** necessary to consider the third *State Farm* factor where the legislature has not spoken on the issue by enacting a statute assessing a civil penalty or fine. *Id.* at 489, 870 N.E.2d at 323 (noting that there is no civil penalty or fine for defamation).

324; *but see Matthias v. Accor Economy Lodging, Inc.*, 147 F.3d 672, 678 (7th Cir. 2003) (Posner, J.) (applying the Supreme Court's *State Farm* holding and affirming punitive damages awarded under Illinois law to hotel guest bitten by bed bugs in a ratio 37.2 to 1 over compensatory damages, where the evidence showed "fraud" based on the hotel's failure to warn guests of the insects).

In this case, Orland Motors and Downers Motors refused to allow discovery of evidence that could have shown just how gross and malicious their conduct was, but as previously noted (*see* Doc. 168, p. 6), by defaulting, a defendant waives any objections to a plaintiff's "failure to allege specifically that his acts were so gross and malicious as to support a claim for punitive damages." *Borcherding v. Anderson Remodeling Co.*, 253 Ill. 3d 655, 662, 624 N.E.2d 887, 893 (2d Dist. 1993). Moreover, the conduct of Defendants Orland Motors and Downers Motors is clearly reprehensible. In order to induce COAF to purchase auto loans which were worthless except for the diminished resale value of the automobiles given as security, they: (1) "allowed individuals to purchase vehicles and enter into contracts for the purchase of vehicles who were not bona fide debtors" and (2) "provided inaccurate descriptions and information to COAF in connection with the sale of the Receivables." (Doc. 77, Second Amended Complaint, ¶ 12). Defendants Orland Motors and Downers Motors "made false warranties **with the intention of inducing** COAF into purchasing the Receivables." (*Id.* at ¶ 48; emphasis added).

COAF's Complaint catalogs some of these egregious misrepresentations. For example, Defendant Orland Motors identified the employer for four of the borrowers as being "New Nationwide Properties," despite the fact that "New Nationwide Properties," when contacted by

COAF, denied employing these individuals. Similarly, at least six of the Orland Motors/Downers Motors loans appear to have involved straight-out identity theft. (*Id.* at ¶ 52).[3]

All told, as shown in Derek Walker's previously-submitted Declaration (Doc. 168-1), Orland Motors and Downers Motors sold close to $1 million in fraudulent Receivables to COAF. The scale of the fraud alone is sufficiently reprehensible to warrant an award of punitive damages.[4] As to the ratio of punitive to compensatory damages, COAF would ask that punitive damages be awarded in a ratio of 4 to 1. Such a ratio is clearly permissible under *State Farm* and *Lowe*. Four times $614,179.08 equals $2,456,716.32.

### B. Attorneys' Fees

As noted in COAF's Complaint, Orland Motors and Downers Motors specifically agreed in section 4 of the Dealer Agreements to compensate COAF for its attorneys' fees in cases such as this. (Doc. 77, Second Amended Complaint, ¶¶ 11, 32-33). Following this Court's August 11, 2011 Docket Entry (Doc. 173), COAF's counsel contacted counsel for Orland Motors and Downers Motors to confer on fee issues as required per Local Rule 54.3. However, Orland Motors and Downers Motors' counsel refused to confer.

In awarding attorneys' fees recoverable under contracts governed by Illinois law, this court has applied the "lodestar" method. *See Firstar Bank, N.A. v. Faul Chevrolet, Inc.*, No. 00 C 4061, 2003 WL 548365, at *7 n.3 (N.D. Ill. Feb. 25, 2003). The court in *Firstar Bank*, in turn, relied upon *Hensley v. Eckerhart*, 416 U.S. 424 (1983), and *McNabola v. Chicago Transit Authority*, 10 F.3d 501 (7th Cir. 1993). *See Firstar Bank*, 2003 WL 548365, at *7 n.3. The

---

[3] Tellingly, Orland Motors and Downers Motors have refused to participate in discovery in this matter, so COAF has been unable to fully develop evidence regarding the extent of the involvement of Orland Motors/Downers Motors' employees in these scams.

[4] Following Orland Motors/Downer Motors' improper refusals to repurchase these loans, COAF, through its efforts at mitigation, managed to limit its losses to $614,179.08.

"lodestar" is "the base figure arrived at by multiplying the number of hours reasonably expended by a reasonable hourly rate." *McNabola*, 10 F.3d at 518; *accord Hensley*, 461 U.S. at 433. Such a reasonable hourly rate is "the rate charged that lawyers of similar ability and experience in the community normally charge their paying clients." *See Firstar Bank*, 2003 WL 548365, at *7 n.3 (quoting *McNabola*, 10 F.3d at 518).

In this case, COAF has documented fees in the amount of $9,840.00 (s*ee* Declaration of John Kallman, attached hereto as Exhibit A) -- note that any work relating to COAF's claims against the other Defendants previously in this suit, Great Western Motors, Inc. (dismissed 2011) and Luxury Motors O'Hare, Inc. (dismissed 2010) has been excluded. To ensure that work related to COAF's claims against other Defendants has been excluded: (i) time for all of COAF's out-of-state counsel has been excluded[5]; (ii) time prior to June of 201 has been excluded if such time related to communications with the other Defendants; (iii) all time between August of 2010 and June 2011 has been excluded, because a default already had already been entered against Defendants Orland Motors and Downers Motors and the discovery efforts at this time focused on Defendant Great Western Motors, Inc.; and (iv) time in July and August of 2011 relating to COAF's Motion for Default Judgment and the August 11, 2011 hearing on same has been included, as this was after Defendant Great Western Motors, Inc. was voluntarily dismissed from the proceedings, leaving Defendants Orland Motors and Downers Motors as the only Defendants remaining.

---

[5] The exclusion of time for the out-of-state attorneys admitted on a *pro hac vice* basis in this case is why the $9,840.00 in fees being sought is less than the figures for fees and non-taxable expenses shared with counsel for Orland Motors and Downers Motors during the unsuccessful Local Rule 54.3 consultations.

The hourly rate of $205.00 an hour is clearly reasonable for this type of work performed in Chicago, Illinois. (*See* Ex. A, Declaration of John Kallman, ¶ 3). Moreover, the 48.0 hours invested in this case is clearly reasonable given the issues involved. (*See id.*, at ¶ 5).

### C. Final Judgment

As previously noted (*see* Doc. 168, p. 6), COAF is also entitled to interest on the $614,179.08 in compensatory damages at the rate of 5% per annum under the Illinois Interest Act, beginning as of the date of COAF's August 25, 2008 repurchase demand to Orland Motors and Downers Motors. Through November 10, 2011, this pre-judgment interest equates to $98,605.19.

As such, COAF respectfully asks that a final judgment in its favor be entered in the amount of $614,179.08 as previously determined, and awarded, plus pre-judgment interest in the amount of $98,605.19, punitive damages in the amount of $2,456,716.32, and attorneys' fees in the amount of $9,840.00. This equates to a total judgment of $3,179,340.59, and if not satisfied, COAF respectfully asks that post-judgment interest accrue on this amount pursuant to 28 U.S.C. § 1961.

### III.

### CONCLUSION

**WHEREFORE**, premises considered, COAF asks that this the Court enter a final judgment in the amount of $614,179.08 previously determined, plus pre-judgment interest in the amount of $98,605.19, punitive damages in the amount of $2,456,716.32, and attorneys' fees in the amount of $9,840.00, for a total amount of $3,179,340.59.

Respectfully submitted,

<u>        /s/ John K. Kallman        </u>
Rik Tozzi (admitted *pro hac vice*)
Joshua H. Threadcraft (admitted *pro hac vice*)
Devin C. Dolive (admitted *pro hac vice*)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35209
Telephone: (205) 251-3000
Facsimile:   (205) 458-5100
rik.tozzi@burr.com
joshua.threadcraft@burr.com
ddolive@burr.com


John Kallman (ARC #1387006)
221 North LaSalle Street
Suite 1200
Chicago, Illinois  60601
Telephone:  (312) 578-1515
jkkallman@sbcglobal.net


Attorneys for Capital One Auto
Finance, a Division of Capital One, N.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the __10th__ day of November, 2011, the foregoing Motion was filed electronically with the Clerk of the Court via CM/ECF, which will send electronic notification of such filing to the following:

Ira Levin, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
Attorneys for Defendant Great Western Motors, Inc.

T. Paul S. Chawla, Esq.
The Chawla Group
15 Spinning Wheel Road
Suite 126
Hinsdale, Illinois 60521
Attorney for Defendants Orland Motors, Inc.
and Downers Motors, Inc.

/s/ John K. Kallman
OF COUNSEL

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAPITAL ONE AUTO FINANCE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.** |
| | ) | **09-cv-4731** |
| **v.** | ) | |
| | ) | **JUDGE RUBEN CASTILLO** |
| **ORLAND MOTORS, INC., et al.** | ) | |
| | ) | **MAGISTRATE JUDGE NOLAN** |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## DECLARATION OF JOHN K. KALLMAN

I, John K. Kallman, declare under penalty of perjury that the following is true and correct:

1.      I am over 21 years of age and, if called as a witness, could and would competently testify on oath that the statements of fact contained in this Declaration are true.

2.      I have been retained to act as litigation counsel by Plaintiff Capital One Auto Finance ("COAF") in the above-captioned case.  I have served as co-counsel in this matter with attorneys from Burr & Forman, LLP in Birmingham, Alabama.

3.      I am a lawyer practicing primarily in the area of commercial litigation in Cook County, Illinois.  I am a 1970 graduate, *cum laude*, of the University of Minnesota Law School, and was admitted to practice before the bar in the State of Illinois in 1970.  I have practiced law in this State continuously since 1970.  My current billing rate is $205 per hour.  I believe, based upon my experience and upon conversation with my contemporaries who practice law in the Chicago area in the area of commercial litigation, that this rate is at or below the prevailing rate for a lawyer of my experience handling a matter of this type and nature.

4.      Attached as Exhibit 1 are records of the work I performed in this case.  The entries herein are supported by my fee invoices in this case, but the attached Exhibit 1 has been revised so as to omit any entries from my fee invoices that primarily involved COAF's claims against Defendants in this case other than Orland Motors, Inc. and Downers Motors, Inc.  The underlying invoices therefore reflect more than 48.0 hours of work, and I believe that the 48.0 hours shown in the attached Exhibit 1 were necessary, reasonable, and appropriate in the pursuit of COAF's claims against Defendants Orland Motors, Inc. and Downers Motors, Inc.

5.      I further believe and thereupon state that such rates and the time and services rendered in this case were necessary, reasonable and appropriate, given the nature and difficulty of the matter.

I declare under penalty of perjury that the foregoing is true and correct.

DECLARANT FURTHER SAITH NAUGHT.

_____/s/ John K. Kallman_____
John K. Kallman

**EXHIBIT 1**

| Date | TKPR Name | Position | Hourly Rate | Hours | Amount | Narrative |
|---|---|---|---|---|---|---|
| 8/3/2009 | Kallman, John | Attorney | $205.00 | 1.4 | $287.00 | Telephone call with Ms. Harrison; receive and review complaint; dealer contracts; retrieve SOS IL records re: |
| 8/4/2009 | Kallman, John | Attorney | $205.00 | 2.9 | $594.50 | ECF; correspond with client |
| 8/7/2009 | Kallman, John | Attorney | $205.00 | 2.1 | $430.50 | Preparation of pleadings; summonses; arrange issuance; correspondence re: LR 3.2 & Fed. R. Civ. P. 7.1; correspond w/ ILND clerk; memo to paralegal re service of summonses and complaint |
| 8/14/2009 | Kallman, John | Attorney | $205.00 | 0.4 | $82.00 | Receive and review proofs of service; access ECF site re filing; correspond with client |
| 8/17/2009 | Kallman, John | Attorney | $205.00 | 0.6 | $123.00 | Preparation of pleadings; filed returns of service on defendants |
| 8/24/2009 | Kallman, John | Attorney | $205.00 | 0.5 | $102.50 | Receive and review corporate disclosures; file same; receive and review correspondence from Great Western |
| 9/10/2009 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 | attorney to client; correspond with client |
| 9/15/2009 | Kallman, John | Attorney | $205.00 | 0.7 | $143.50 | Telephone call John Broussard, attorney for certain defendants; correspond with client |
| 9/17/2009 | Kallman, John | Attorney | $205.00 | 0.6 | $123.00 | Telephone call client; joint call re R26 conference |
| 9/21/2009 | Kallman, John | Attorney | $205.00 | 0.9 | $184.50 | Receive and review discovery; correspond re R26 disclosures; appearances |
| 9/21/2009 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 | Telephone call Ms. Harrison re: R26; filing; receive and review same; edit; serve with certificate of service |
| 9/29/2009 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 | Letter re: status conference; receive and review Chawla Appearance; forward to client |
| 9/30/2009 | Kallman, John | Attorney | $205.00 | 0.6 | $123.00 | Letter to client re: R26 report; receive and review same; review opposing attorney comments;edit; correspond with Ms. Harrison |
| 10/1/2009 | Kallman, John | Attorney | $205.00 | 2.9 | $594.50 | Telephone call and correspond with client re R26 report; motion set trial date; edit and prepare notice of filing; file ECF; correspond with client |
| 10/5/2009 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 | Letters re filing October 6; discovery |
| 10/5/2009 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 | Letters re: appearance and status hearing |
| 10/6/2009 | Kallman, John | Attorney | $205.00 | 1.6 | $328.00 | Court appearance; report; receive and review orders status and assignment to magistrate judge; magistrate judge order |
| 10/14/2009 | Kallman, John | Attorney | $205.00 | 1.2 | $246.00 | Telephone call Ms. Harrison; correspondence re: October 15 hearing; correspondence to magistrate judge with |
| 10/15/2009 | Kallman, John | Attorney | $205.00 | 2.3 | $471.50 | courtesy copies for status hearing October 15; correspond with opposing counsel |
| 11/17/2009 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 | Telephone call Ms. Broussard; prepare for court hearing with magistrate judge; court; correspond with client |
| 11/24/2009 | Kallman, John | Attorney | $205.00 | 1.7 | $348.50 | Court appearance; report on status; correspond with client |
| 12/1/2009 | Kallman, John | Attorney | $205.00 | 0.5 | $102.50 | Telephone and correspondence re: motions December 3; receive and review motion amend; first amended complaint; response to motion dismiss |
| 12/22/2009 | Kallman, John | Attorney | $205.00 | 1.9 | $389.50 | Preparation of pleadings; courtesy copies of motions and responses to judge; telephone call with Ms. Harrison re: same; re disclosures and hearing December 3 |
| 1/19/2010 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 | Telephone call with Ms. Harrison re: settlement memo to Magistrate Judge Nolan |
| 1/20/2010 | Kallman, John | Attorney | $205.00 | 0.9 | $184.50 | Letter re: status re Judgments v. Luxury entities; access Cook County records; correspond with client |
| 2/3/2010 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 | Telephone call with Ms. Harrison re: hearing February 4 |
| 2/4/2010 | Kallman, John | Attorney | $205.00 | 3.3 | $676.50 | Preparation for hearings before Judge Castillo, Magistrate Judge Nolan; court hearings; telephone call with client and |
| 3/18/2010 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 | correspondence with same |
| 3/19/2010 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 | Telephone call with client |
| 3/23/2010 | Kallman, John | Attorney | $205.00 | 1.8 | $369.00 | Letter re: motion to compel and to extend time; review same; correspond re: changes; prepare for filing; notice of motion; exhibits; file; serve courtesy copy on judge |
| 3/26/2010 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 | Letters re: court hearing; receive and review orders |
| 3/29/2010 | Kallman, John | Attorney | $205.00 | 0.6 | $123.00 | Correspond with client; receive and review reply; edit; file; correspond re deposition |
| 3/30/2010 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 | Review website re: motion |
| 4/13/2010 | Kallman, John | Attorney | $205.00 | 1.5 | $307.50 | Preparation for court hearing; court hearing; correspondence re: same |
| 5/7/2010 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 | Meeting defendant attorney; correspondence and discovery from client |
| 6/23/2010 | Kallman, John | Attorney | $205.00 | 0.7 | $143.50 | Receive and review motion to extend time to amend; edit; prepare notice of motion; telephone call with client; ECF access and filing; memo paralegal re delivery of courtesy copy; correspondence with client |
| 6/23/2010 | Kallman, John | Attorney | $205.00 | 0.4 | $82.00 | Telephone call with Devin; retrieve discovery and send |

| Date | Name | Role | Rate | Hours | Description |
|---|---|---|---|---|---|
| 6/28/2010 | Kallman, John | Attorney | $205.00 | 0.4 | Receive and review draft discovery letter; edit and send |
| 6/30/2010 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 Telephone call with client re amended complaint and motion re discovery |
| 7/1/2010 | Kallman, John | Attorney | $205.00 | 1.3 | $266.50 Receive and review Second Amended Complaint; telephone calls with client; assemble and file Second Amended Complaint |
| 7/16/2010 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 Telephone call with client, retrieve and send judge's rules re: status reports |
| 7/22/2010 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 Correspondence re status filing and magistrate judge |
| 7/22/2010 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 Letter to client; receive and review motion; respond to inquiries re: procedure |
| 7/23/2010 | Kallman, John | Attorney | $205.00 | 1.1 | $225.50 Telephone call with correspondence with client; receive and review motion; receive and review final; prepare notice; file and deliver courtesy copies; correspondence with client |
| 7/26/2010 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 Letter to client re: status report; telephone call with Devin re: same and motion |
| 7/28/2010 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 Review court's docket re: case hearing; telephone call to client |
| 7/29/2010 | Kallman, John | Attorney | $205.00 | 1.7 | $348.50 Court appearance; meeting with magistrate judge re: settlement conference |
| 7/29/2010 | Kallman, John | Attorney | $205.00 | 1.8 | $369.00 Receive and review motions; edit motion for judgment and send; telephone call with client; receive and review revised motion; edit and file motion to dismiss; prepare notice of motion dismiss; motion judgment; edit notice for Mr. Dolive's signature |
| 7/11/2011 | Kallman, John | Attorney | $205.00 | 0.3 | $61.50 Prepare letter to client re: motion judgment |
| 7/12/2011 | Kallman, John | Attorney | $205.00 | 1.1 | $225.50 Telephone call re motion for judgment; prepare revised date; file and serve courtesy copy; correspondence with client |
| 7/13/2011 | Kallman, John | Attorney | $205.00 | 1.8 | $369.00 Court appearance on motion to dismiss; motion judgment; telephone call with client |
| 7/14/2011 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 Telephone call with client re: hearing August 4 |
| 8/3/2011 | Kallman, John | Attorney | $205.00 | 1.8 | $369.00 Court appearance; report |
| 8/4/2011 | Kallman, John | Attorney | $205.00 | 0.2 | $41.00 Telephone call re: status |
| 8/10/2011 | Kallman, John | Attorney | $205.00 | | |
| TOTAL | | | | 48.0 | $9,840.00 |